Supreme Court, Appellate Term, January, 1899. Reported. 25 Misc. 735.

ROSE WILKING, Respondent, v. ADOLPH RICHTER, Appellant.

Services—Illegal contract that a woman shall serve liquors—Illegality shown under a general denial alone.

A contract that a woman, not a member of her employer's family, should serve wines and liquors to customers on the premises is illegal under the Liquor Tax Law as amended (Laws of 1897, chap. 312, sec. 31, subd. f); and the defense of illegality, although not pleaded specifically, may be raised under a general denial.

APPEAL from a judgment of the Fourth Municipal Court, borough of Manhattan, in favor of the plaintiff.

C. Brandt, Jr., for appellant.

L. W. Harburger, for respondent.

Gildersleeve, J.    On or about June 27, 1898, the defendant entered into a verbal contract of employment with plaintiff, by the terms of which he was to pay her $2 a day for her services as a waitress in Glendale Park, during the National Schutzen Fest, from July 3d to July 11th, inclusive.   It was understood that the duty of the plaintiff was to serve wines and liquors to the customers.   On July 2d, plaintiff received word from defendant not to go to Glendale, as the police objected to women serving as waitresses there.   The plaintiff, however, offered her services, in accordance with the contract, but defendant refused to give her any work.   She tried to get work elsewhere and failed to obtain it.   She brought this action to recover for the breach of contract.

The pleadings are oral.   The complaint is for " breach of contract, and work, labor and services."   The answer is a " general denial."   It was admitted that plaintiff performed no work under the contract.   The defendant moved, at the end of the case, to dismiss the complaint, on the ground that the contract was unlawful at its inception.   The motion was denied on the ground that this defense should have been specially pleaded.   Judgment was then given for the plaintiff.

That the contract was unlawful is clear.   The statute (Laws of 1897, chap. 312, § 31, subd. f), declares that " It shall not be lawful for any corporation, association, copartnership or person, whether having paid such tax or not, to permit any girl or woman, not a member of his family, *   *   * to sell or serve any liquor upon the premises."   It is not pretended that plaintiff was a member of defendant's family.

As to the question of the sufficiency of the general denial, we may say that the general rule is that a general denial in the answer, in an action on a contract, puts in issue simply all matters which plaintiff is bound to prove to make out his cause of action; and, in order to avail himself of facts, not appearing upon the face of the contract, to establish its invalidity, the defendant must plead them.   See Milbank v. Jones, 127 N. Y. 370.   But, under a general denial in an action on contract, defendant may object that the plaintiff's evidence shows that no valid contract was made.   See Cary v. Western Union Tel. Co., 20 Abb.

N. C. 333, Van Brunt, P. J. The theory, upon which the action proceeds, is that the plaintiff has a contract valid in law, and whatever shows the invalidity of the contract shows that no such contract as alleged ever existed. See Oscanyan *v.* Arms Co., 103 U. S. 266. In the case at bar, the contract was verbal. Plaintiff, however, on her cross-examination, testified thus: " Q. This particular place was a public park, where you were to serve wine? A. Yes, sir. Q. If you were called upon to bring a bottle of wine to a customer, you would do it? You were told it was for that purpose? A. Yes, sir." It appears, therefore, from plaintiff's own version of the contract, that it called upon her to serve wines and liquors. The general denial was sufficient, and this defense of illegality was available, although not pleaded specifically.

The contract, being unlawful, cannot be enforced, and plaintiff is not entitled to recover damages for its breach.

Judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Beekman, P. J., and Giegerich, J., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.