## HAYNES et al. v. ABRAMSON.

(Supreme Court, Appellate Term. January 16, 1906.)

1. CONTRACTS—ILLEGALITY—PLEADING.

The defense of illegality of a contract, under Pen. Code, § 640d, making it a misdemeanor to offer real property for sale without written authority, must be pleaded to be availed of.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1716, 1728.]

2. SAME.

Where a contract, not unlawful in itself, is executed, and the parties have enjoyed its benefits, the fact that one of them has violated a penal statute in the approach to the contract will not prevent a court from enforcing payment.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Webster D. Haynes and another against Abram G. Abramson. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Charles Stein, for appellant.

William N. Ingram, for respondents.

SCOTT, P. J. The defense of illegality, founded upon section 640d, of the Penal Code, is an affirmative defense which must be pleaded in order to be availed of. It was not so pleaded here. Furthermore, Cody v. Dempsey, 86 App. Div. 335, 83 N. Y. Supp. 899, is authority for the proposition that, where a contract not unlawful in itself has been executed, and the parties have enjoyed the benefits of the contract, the mere fact that one of the parties has violated a penal statute in the approach to the contract will not prevent a court from enforcing payment. This is criticised by the appellant as obiter dictum, and so, perhaps, it is, although stating a salutary and well-established rule. At all events it is no more obviously dictum than the statement in Whitely v. Terry, 83 App. Div. 197, 82 N. Y. Supp. 89, as to the validity and effect of section 640d of the Penal Code.

The judgment should be affirmed, with costs.

BISCHOFF, J., concurs.

MacLEAN, J. (dissenting). Orally alleging a claim for services rendered as a broker, the plaintiffs severally testified to their partnership; to an agreement by the defendant that he would pay them all obtained for certain premises over $6,700; to their procuring a purchaser at $7,000; that they received but $100 from the defendant, who, by the way, claimed that that sum was all that they were to have; and furthermore, on their cross-examination, that they had no written authority to offer the property for sale. The action is for $200, i. e., for the balance of $300 less $100, and they have recovered a judgment because the learned justice thought, as he says, the partial payment took the case out of the statute making guilty of a misdemeanor any

person offering for sale any real property without the written authority of the owner. Section 640d, Pen. Code. Like the complaint, the answer was oral. It consisted of a general denial and a counterclaim without allegation of the statutory inhibition, as new matter in defense. No motion to amend the answer was made at the trial.

The technical objection of failure to plead the statutory provision in defense is not serious, in view of the doctrine to be mentioned later on. It may be remarked, however, that aside from the lamentable looseness of authority as to what may be proven under a general denial, it was not necessary for the defendant to set up the incapacity of the plaintiffs to do the business for which they claim compensation, which business the statute forbade them to undertake, and which they might only negotiate when authorized in writing so to do. Whiteley v. Terry, 83 App. Div. 202, 82 N. Y. Supp. 89. In the face of that statute there was no presumption in favor of their capacity like that obtaining for majority and sanity. Their capacity had to be shown as a part of their affirmative case, which depended upon evidence of a certain character. 83 App. Div. 201, 82 N. Y. Supp. 89. To take advantage of the lack of capacity therefor the defendant was not bound under section 500, Code Civ. Proc., to allege that lack as "new matter," of which a convenient touchstone is that it consists of some fact which goes in avoidance or discharge of the alleged cause of action, and which the plaintiff is not bound to prove to establish his case. The fact that the defendant has had and enjoyed the benefit of the agreement, impliedly found below, does not change the plight of the parties or entitle either of them to recovery. The reasoning applicable to their situation was rendered long ago by the chief maker of judge-made law of his time:

"The objection that a contract is immoral or illegal, as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed; but it is founded on general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff, by accident, if I may say so. The principle of public policy is this: 'Ex dolo malo non oritur actio.' No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff's own stating or otherwise, the cause of action appears to arise ex turpi causa, or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff. So if the plaintiff and defendant were to change sides, and the defendant was to bring his action against the plaintiff, the latter would have the advantage of it; for, where both are equally in fault, potior est conditio defendantis."

This doctrine has been approved from the earliest times in this state; sometimes with acknowledgment of the source of the reasoning (Hunt v. Knickerbacker, 5 Johns. 333); sometimes without it (Belding v. Pitkin, 2 Caines, 149). These principles of pleading and of nonrecoverability in transactions involving a transgression of a statute were applied not long since in this court in an action brought by a woman who alleged "breach of contract, work, labor, and services" in an oral complaint, to which was interposed a "general denial." The plaintiff having testified that her engagement was as waitress at a public festival, and, upon cross-examination, that she was thereat to

serve wines and liquors, a motion was made to dismiss the complaint because such employment is not permissible to a girl or a woman not a member of her employer's family. Section 31f, c. 312, Laws 1897. The motion was denied on the ground that this defense should have been specially pleaded; but this court held that the general denial was sufficient, and that the defense of illegality was available, although not pleaded specifically. Wilking v. Richter, 25 Misc. Rep. 735, 55 N. Y. Supp. 58.

Speculation respecting the benefit or protection purposed by the statute is neither fruitful or edifying. "It is equally unfair that a man should be allowed to take advantage of what the law says he ought not to do whether the thing be prohibited because it is against the intent of the statute." 5 B. & Ald. 335, 341. The transaction being prohibited, it is illegal, and the court should not assist either of the parties to recovery. What the plaintiffs have gotten the defendant cannot get back, nor should the plaintiffs be assisted to get more than they have gotten from the defendant.

The complaint should have been dismissed, and this judgment should be reversed.