(51 Misc. Rep. 595.)

## BEILIN v. WEIN.

(Supreme Court, Appellate Term. November 14, 1906.)

1. STATUTES—REPEAL—RESERVATION OF RIGHTS UNDER REPEALED ACT.

Under Laws 1906, p. 1405, c. 516, expressly repealing Pen. Code, § 640d, relating to unauthorized offers for the sale of and unauthorized applications for loans on real property, but providing that the act shall not affect any judicial action pending in any court, the proviso saves the expense of costs to those who, acting on the existence of the repealed statute, were defending actions.

2. CONTRACTS—ENFORCEMENT—VIOLATION OF PENAL STATUTE.

Where a contract, not unlawful, has been executed, and the parties have enjoyed the benefits thereof, the mere fact that one of the parties has violated a penal statute in the approach to the contract will not prevent a court from enforcing payment under it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 681–686.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Joseph Beilin against Rosie Wein. From a judgment of the Municipal Court in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Selig Edelman, for appellant.

Kantrowitz & Esberg, for respondent.

PER CURIAM. Section 2 of the repealing statute (chapter 516, p. 1405, Laws of 1906) reads:

"This act shall not affect any judicial action or proceeding now pending in any court in this state."

It is quite evident from this section, read in connection with section 1, that the Legislature contemplated that the repealing act would make

it as though the repealed statutes had never existed, except as provided for in section 2.    The legislative reason for making the exception referred to in section 2 must have been to save the expense of costs or disbursements to those who, acting upon the existence of the repealed statutes, were defending actions or proceedings.

Furthermore, Haynes et al. v. Abramson (Sup.) 97 N. Y. Supp. 371, seems an authority in support of the proposition, that where a contract, not unlawful in itself, has been executed, and the parties have enjoyed the benefits of the contract, the mere fact that one of the parties has violated a penal statute in the approach to the contract will not prevent a court from enforcing payment.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.