Hunt v. Rousmanier, 8 Wheat. (U. S.) 173, 5 L. Ed. 589; F. L. & T. Co. v. Wilson, 139 N. Y. 284, 34 N. E. 784, 36 Am. St. Rep. 696; Hoffman v. Union Dime Sav. Inst., 109 App. Div. 24, 95 N. Y. Supp. 1045. The fact that the furs were ordered as a gift to Katherine Ballou does not constitute such an interest. The gift was not completed at the time of the decedent's death, and Katherine Ballou's interest in them at that time was nothing more than that of a prospective donee, which was insufficient to continue an agency after the death of principal. The furs, if ordered by the decedent, or if he had pledged his credit in payment of them, he having died before a delivery could be made, should have been delivered to his estate, if the plaintiff expected that it would pay the purchase price. · And the fact that the plaintiff, after learning of the decedent's death, without so far as appears making any effort to cancel any order she may have given, should have gone to Paris and purchased these furs valued at $2,000, and several months thereafter delivered them to Katherine Ballou, without communicating in any way with the decedent's estate, indicates to me very clearly that the plaintiff did not rely upon any order given by the decedent, and did not, at the time of the delivery, look to his estate for payment.

The courts uniformly scrutinize claims of this character with great care, and permit a recovery only in cases where the claim is established by very satisfactory evidence. The rule thus adopted is made necessary by reason of the fact that one of the parties to the contract, upon which the establishment of the claim depends, is dead.

Shakespeare v. Markham, 72 N. Y. 400; Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583; Rosseau y. Rouss, 180 N. Y. 116, 72 N. E. 916; Appollonic v. Langley, 106 App. Div. 41, 94 N. Y. Supp. 274; Schou v. Blum (Sup.) 104 N. Y. Supp. 887.

In conclusion I am clearly of the opinion that the evidence presented falls far short of establishing a contract or agreement, either express or implied (and this is the only ground upon which the plaintiff by any possibility could recover), on the part of the decedent to pay for the dresses and wearing apparel set out in the complaint, and for that reason his estate is not liable.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellants to abide event. All concur.

---

(55 Misc. Rep. 288)

### SIRKIN v. FOURTEENTH ST. STORE.

(Supreme Court, Appellate Term. June 27, 1907.)

CONTRACTS—ILLEGALITY—RATIFICATION.

Where, in an action for the price of goods sold, it appeared that the goods had been delivered, accepted, and used by defendant, it was no defense that defendant's servant, the buyer of the goods, had been corrupted by plaintiff and paid under an agreement that the servant should receive a sum equal to 5 per cent. of the purchase price of the goods ordered from plaintiff, which agreement constituted a misdemeanor, in violation of Pen. Code, § 384r, as amended by Laws 1904, p. 225, c. 136.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 722.]

Appeal from City Court of New York, Special Term.

Action by Samuel Sirkin against the Fourteenth Street Store. From a judgment of the New York City Court (105 N. Y. Supp. 638), in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Benjamin G. Paskus and Arthur W. Weil, for appellant.

Moses Feltenstein, for respondent.

PLATZEK, J. The defendant, "the Fourteenth Street Store," is a domestic corporation carrying on an extensive business, divided into many different departments, and employing agents and buyers. The plaintiff, a merchant, brought this action on account of goods sold and delivered to defendant company for the agreed price of $1,555.81 and interest. It was conceded on the trial that the goods were delivered to the defendant company at its store in this city, retained and used by it, that no part of the purchase price has been paid, and that the plaintiff made out a prima facie case under the pleadings. The plaintiff moved for judgment on the pleadings and stipulations in the case. The defendant company asked permission to introduce evidence in support of the affirmative defense set up in the answer. The court directed a verdict for the plaintiff for $1,576.92, excluding the testimony proffered by defendant, holding that, even though the facts alleged in the answer were true, the same did not constitute a sufficient defense as matter of law. The affirmative defense pleaded in the answer sets forth that:

"The plaintiff, without the knowledge or consent of the defendant, and pursuant to an unlawful, fraudulent, and criminal design, and for the purpose of influencing the conduct of J. W. McGuiness, a purchasing agent in the employ of the defendant, in connection with his said employment, offered to pay to the said McGuiness a sum equal to 5 per cent. of the purchase price of the goods to be ordered from the plaintiff. That, pursuant to such unlawful, fraudulent, and criminal design and arrangement, the plaintiff obtained an order for the goods, wares, and merchandise described in the complaint herein. That thereafter the said goods, wares, and merchandise were delivered at the premises of the defendant. That, pursuant to the said unlawful, fraudulent, and criminal scheme, the plaintiff then did pay to the said J. W. McGuiness the sum of $75; such payment being made with the intent to influence his action in the matter of placing said order, and there being no consideration whatever for the advance to the said J. W. McGuiness by the plaintiff of said money. * * * That the said order and delivery of goods, agreement and arrangement to pay, and the said payment, were part of an entire transaction, which was contrary to public policy, illegal, void, and contrary to statute."

The defendant company admits reception of the goods purchased, claiming, however, that without its knowledge· and consent, pursuant to unlawful and criminal design, and for the purpose of influencing the conduct of defendant's purchasing agent, and against the act in such case made and provided, plaintiff offered to and did pay to such agent $75 for obtaining the order for the goods afterward sent to and retained and used by defendant company.

"Whoever gives, offers or promises to an agent, employé or servant, any gift or gratuity whatever, without the knowledge and consent of the prin-

cipal, employer or master of such agent, employé or servant, with intent to influence his action in relation to his principal's, employer's or master's business; or an agent, employé or servant without the knowledge and consent of his principal, employer or master, requests or accepts a gift or gratuity or a promise to make a gift or to do an act beneficial to himself, under an agreement or with an understanding that he shall act in any particular manner to his principal's, employer's or master's business; or an agent, employé or servant, who, being authorized to procure materials, supplies or other articles either by purchase or contract for his principal, employer or master, or to employ service or labor for his principal, employer or master, receives directly or indirectly, for himself or for another, a commission, discount or bonus from the person who makes such sale or contract, or furnishes such materials, supplies or other articles, or from a person who renders such service or labor; and any person who gives or offers such an agent, employé or servant such commission, discount or bonus shall be guilty of a misdemeanor and shall be punished by a fine of not less than ten dollars nor more than five hundred dollars, or by such fine and imprisonment for not more than one year." Section 384r, Pen. Code, as amended by Laws 1904, p. 225, c. 136.

The statute, it should be noted, provides for two offenses: First, the giving, offering, and promising to an agent any gift or gratuity whatever, without the knowledge or consent of the employer, with intent to influence his action in relation to his employer's business; second, the giving or offering of a commission, discount, or bonus to any agent who is authorized to procure materials, supplies, or other articles, either by purchase or contract for his employer. Assuming that the section of the Penal Code referred to has been violated in these respects, and that the plaintiff and McGuiness, defendant's purchasing agent, offended against the law and are guilty of a misdemeanor, can it be reasonably and fairly argued or held that such corrupt action on their part ab initio vitiated and invalidated the agreement for the sale and delivery of the goods. This is a penal statute, and it must be strictly construed. The act does not directly or inferentially declare a contract made, induced by reason of the corrupt giving and acceptance of a gratuity, as illegal or void, merely declaring such improper action to be a misdemeanor. The purpose of a penal statute, prohibiting vicious acts and fixing penalties for offending against its provisions, is to punish offenders, as a deterrent to others to live within the law, and not destroy property or interfere with the enforcement of executed contracts. The contract for the sale and delivery of the goods in this case was valid in itself. The merchandise ordered was delivered, retained, appropriated, and used by the defendant company. On discovery of the criminal act of the plaintiff and its agent, the defendant did not return the goods or offer to restore the plaintiff to his primary condition. The agency of McGuiness is admitted, and his right and authority to buy goods for the defendant company is not questioned. Thus the situation is presented of an agent clothed with authority to buy, and to contract for the purchase of property, making an agreement for goods at an agreed price, and which goods as ordered were accepted and appropriated. In other words, we are not met with the theory of whether an executory agreement is to be enforced, but with a condition, a valid promise and complete executed performance by the plaintiff. It has been repeatedly held that where a contract has been fully executed, and defendant

reaped the benefit thereof, the fact that a penal statute has been violated in the approach to the contract, will not prevent the court in enforcing the contract and payment thereunder. In Cody v. Dempsey, 86 App. Div., at page 340, 83 N. Y. Supp., at page 902, Woodward, J., writing, says:

"It is true that, where the statute prohibits the doing of a particular thing, the courts will not aid in enforcing contracts made in violation of the law; but where a contract, not unlawful in itself, has been executed, and the parties have enjoyed the benefits of the contract, the mere fact that one of the parties has violated a penal statute in the approach to the contract will not prevent the court from enforcing payment. A vested right of action is property in the same sense in which tangible things are property, and it is equally protected against arbitrary interference." Gay v. Siebold, 97 N. Y. 472, 49 Am. Rep. 533; Sinnott v. German-American Bank, 164 N. Y. 391, 58 N. E. 286; Haynes v. Abramson (Sup.) 97 N. Y. Supp. 371; Hough v. Baldwin, 99 N. Y. Supp. 545, 50 Misc. Rep. 546; Smith v. Sichel, 49 Misc. Rep. 643, 97 N. Y. Supp. 1008.

If McGuiness, defendant's employé, was attempting to recover from the plaintiff for his 5 per cent. commission on the purchase, or if the latter was endeavoring to compel the former to perform the terms of the agreement, there would be no doubt that a defense such as is pleaded might be successfully sustained. Here defendant company obtained property belonging to the plaintiff, and refuses to pay for the same, with no plea of damage or pecuniary injury or loss whatever, suffered by or through the act of the plaintiff. It must be borne in mind that this action is not brought to enforce a contract condemned by statute, nor upon an executory agreement, but upon a transaction, fulfilled agreeable to understanding, with nothing left incomplete or unfinished by the plaintiff. Long before the enactment of section 384r of the Penal Code, the question of gratuities by tradesmen to influence servants of masters, was considered by the courts, and it was held that:

"The giving of gratuities by a tradesman or artisan to the servant of his customers, through whose agency their orders are received, although highly improper, does not of itself constitute a defense to the tradesman's action against the employer for services rendered, without evidence that the interests of the employer were prejudiced thereby. An injury cannot be inferred from the mere fact that such presents were made to and accepted by the servant." Brewster v. Hatch, 18 Abb. N. C. 205.

In Vought v. Eastern Building & Loan Association, 172 N. Y. 508, 65 N. E. 496, 92 Am. St. Rep. 761, it was held that a defense of ultra vires was not available where the contract has been in good faith fully performed by the plaintiff, and the defendant has had the benefit of such performance and of the contract. Judge Martin, in his opinion, at page 517 of 172 N. Y., page 498 of 65 N. E. (92 Am. St. Rep. 761), states:

"It is now well settled that a corporation cannot avail itself of the defense of ultra vires when the contract has been in good faith fully performed by the other party, and the corporation has had the benefit of the performance and of the contract. As has been said, corporations, like natural persons, have power and capacity to do wrong. They may, in their contracts and dealings, break over the restraints imposed upon them by their charters; and when they do so their exemption from liability cannot be claimed on

the mere ground that they have no attributes nor facilities which would render it possible for them thus to act. * * * It may be that, while a contract remains unexecuted on both sides, a corporation is not estopped to say in its defense that it had not the power to make the contract sought to be enforced; yet, when it becomes executed by the other party, it is estopped from asserting its own wrong, and cannot be excused from payment upon the plea that the contract was beyond its power."

The alleged misdemeanants, if found guilty, may be punished under the section of the Penal Code, and the law fully vindicated; but the court will not lend its aid to the defendant company to exempt and relieve it from the payment for the goods appropriated by it to its use under an executed contract. The learned trial justice committed no error in declining to admit proof under defendant's answer.

Judgment affirmed, with costs to respondent. All concur.